IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAURICE D. CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-1920-SLR |
| | ) |
| DEBRAH MELVIN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Maurice D. Cannon ("plaintiff"), an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 3)

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).


pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint**. Plaintiff began working in the SCI kitchen in August 2011. Plaintiff asked defendants Cpl. Rezac ("Rezac") and Cpl. Graham ("Graham") for a pair of boots. They told plaintiff "they would take care of it later" and for him to start working on "pots and pans." Plaintiff was carrying a pot to the sink and slipped, injuring himself. He was escorted to medical and received treatment. Plaintiff seeks compensatory and punitive damages and injunctive relief. (D.I. 3)

7. **Slip and Fall**. The Supreme Court has held that prison authorities' mere negligence in and of itself does not violate prisoners' constitutional rights. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). Indeed, claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." *See Singletary v.*

3

*Pennsylvania Dep't of Corr.*, 266 F.3d 186, 193 n.2 (3d Cir. 2001); *Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (unpublished) (slip and fall claim amounts merely to negligence); *Denz v. Clearfield Cnty.*, 712 F. Supp. 65, 66 (W.D. Pa. 1989) (no Eighth Amendment violation based on slippery floor in prison cell, despite prison officials alleged knowledge of the hazard). Plaintiff's allegations that Rezac and Graham did not provide him a pair of boots him do not reflect the deliberate indifference required to impose liability under the Eighth Amendment. The claim is nothing more than negligence. For the above reasons, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[2]

8. **Conclusion.** For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) § 1915A(b)(1). Amendment is futile. A separate order shall issue.

Date: March 25, 2014

UNITED STATES DISTRICT JUDGE

---

[2] In addition, the claims appear to be time-barred. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions and, in Delaware are subject to a two-year limitations period. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983); 10 Del. C. 10, § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (unpublished) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Here, plaintiff complains of an injury that occurred in August 2011. The complaint is not signed, but it is file-stamped November 18, 2013, approximately two months after the expiration of the limitations period.